**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6517**

_____

JERMAINE D. REAVES,

　　　　Plaintiff - Appellant,

　　v.

KEEFE COMMISSARY NETWORK; M. KEEN, Keefe Employee; KEEN MOUNTAIN CORRECTIONAL CENTER,

　　　　Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Thomas T. Cullen, District Judge.  (7:22-cv-00624-TTC-RSB)

_____

Submitted:  December 18, 2025　　　　　　　　Decided:  December 22, 2025

_____

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Jermaine D. Reaves, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine D. Reaves seeks to appeal the district court's order denying his post judgment motions to amend, for discovery, and for default judgment in his closed 42 U.S.C. § 1983 case.  We dismiss the appeal for lack of jurisdiction because the notice of appeal was <u>not</u> timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on March 8, 2024, and the appeal period expired on April 8, 2024.  Reaves filed the notice of appeal on May 14, 2024.[*]  Because Reaves failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny his motions for a transfer and for reconsideration under Fed. R. Civ. P. 60(b), and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Reaves could have delivered the notice to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).